IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| **Father Doe and Mother Doe, Individually, and as next of friend for John Doe, (a minor child)[1],** | ) ) ) ) | **Case No.:** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **COMPLAINT** |
| **Singleton Investment Properties, LLC,** | ) ) ) ) | **(Jury Trial Demanded)** |
| Defendant. | ) | |

## COMPLAINT

The Plaintiffs by and through her undersigned counsel, complaining of the Defendant would respectfully show unto this Honorable Court:

## PARTIES & BACKGROUND

**Plaintiffs Father Doe, Mother Doe, and John Doe.**

1. That Plaintiffs, Father Doe, Mother Doe, and John Doe, (hereinafter "Plaintiffs"), are citizens and residents of the State of Alabama at all times relevant herein. That John Doe, is the minor child of Father Doe and Mother Doe. That Plaintiffs Father Doe and Mother Doe bring this action individually, and as next of friend for John Doe, their minor child.

2. That at all relevant times, Plaintiffs were an invitee of Defendant for which the highest level of care was owed.

---

[1] Given the nature of the subject matter and the potential for harm that exists against those who come forward to inform against Defendant, Plaintiffs Father Doe, Mother Doe, and John Doe, will be identified only as such in conjunction with the factual underpinnings of this complaint.

**Defendant Singleton Investment Properties, LLC**

3.  That upon information and belief, Defendant Singleton Investment Properties, LLC, (hereinafter occasionally referred to as simply "Defendant"), is a corporation organized and existing under the laws of one of the States of the United States and transacts business, owns the land, regularly does and solicits business, and derives substantial revenue in the County of Oconee, State of South Carolina.  That upon information and belief, Defendant Singleton Investment Properties, LLC is a corporation owned by Dr. John Lee Singleton, Jr., and whose business model is focused on owning land and premises that are primarily used by Therapeutic Boarding schools for young boys.

4.  Upon information and belief, Dr. John Lee Singleton, Jr. has more than thirty (30) years of experience working in education and over 17 years of experience in therapeutic school leadership.  Additionally, upon information and belief Dr. John Lee Singleton, Jr. serves on the Board of Directors for the National Association of Therapeutic School and Programs (NATSAP) as their Vice President, and Board of Trustees for the Independent Educational Consultants Association (IECA).

5.  Upon information and belief, in addition to land and premises in South Carolina, Singleton Investment Properties, LLC owns the land and properties that are used by Maple Hall Academy in Lexington, Virginia, 3111 N. Lee Hwy., Lexington, Virginia, which is also a Therapeutic Boarding school for middle-school boys.

6. That Defendant Singleton Investment Properties, LLC's registered agent is Dr. John Lee Singleton, Jr., 186 Brian's Lake Road, Mountain Rest, South Carolina 29664. That Defendant Singleton Investment Properties, LLC owns the land and all structures associated with 186 Brian's Lake Road, Mountain Rest, South Carolina 29664. That upon information and belief Defendant Singleton Investment Properties, LLC at all times relevant hereto owned, controlled, maintained, possessed, operated, cared for, had custody of and/or was otherwise responsible for the premises, property, and/or structures located at 186 Brian's Lake Road, Mountain Rest, South Carolina 29664.

7. That at all relevant times, Defendant Singleton Investment Properties, LLC owed a duty of care to Plaintiffs as invitees, for which the highest level of care was owed.

## JURISDICTION AND VENUE

8. This court has original jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the Plaintiffs and Defendant and the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. §1332.

9. Venue in this action properly lies in this district pursuant to 28 U.S.C. §1391 because Defendant is considered to reside in this judicial district and the separate and distinct acts and occurrences giving rise to the claims occurred in this judicial district.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

10. That Plaintiffs incorporate herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

11. That Defendant Singleton Investment Properties, LLC's land and premises associated with 186 Brian's Lake Road, Mountain Rest, South Carolina 29664 has been operated by Whetstone Academy since 2011 with their approval, consent, and expressed permission.

12. That Whetstone Academy advertises on its website that they are CARF and AdvancED accredited therapeutic boarding school that serves young boys in grades five through nine. Whetstone Academy further advertises on its website that its vision is to provide a safe and dynamic setting where they can develop the needed tools to have effective skills and strategies for life by focusing on behavioral, academic, social, and emotional skills.

13. Despite the noble purposes Whetstone Academy advertises on their website, there exists a history of allegations concerning young boys being subject to sexual assault, sexual abuse, and rape during their tenures at Whetstone Academy, the therapeutic boarding school located at 186 Brian's Lake Road, Mountain Rest, South Carolina 29664[2], information of which was known by Defendant Singleton Investment Properties, LLC, and actively concealed from parents of prospective students and students alike despite Defendant Singleton Investment Properties, LLC being required by duty to protect business invitees on its property from known risks of harm on their property.

14. Upon information and belief, there are numerous incidents of young boys being subject to sexual assault, sexual harassment, sexual abuse, rape, abuse, neglect, and

---

[2] The history of allegations concerning young boys being subject to sexual assault, sexual abuse, and rape during their tenures at Whetstone Academy is factually supported by independent reports that are public records documenting investigations conducted by the Oconee County Sheriff's Office.

4

inhumane treatment while on Defendant Singleton Investment Properties, LLC's premises located at 186 Brian's Lake Road, Mountain Rest, South Carolina 29664.

15.     Upon information and belief, on or about June 2, 2016, there was an investigation into child abuse or neglect after there were reports of a possible violation of S.C. Code § 16-15-140, *Committing or Attempting to Commit a Lewd act Upon a Child Under Sixteen,* after a report was made to Oconee County Sheriff's Office (hereinafter referred to as "OCSO") about a sexual assault against a resident juvenile in the early morning hours of June 1, 2016.  Upon information and belief, this investigation was closed and would not be reopened unless more evidence was turned over. (Exhibit "A").

16.     Upon information and belief, on or about March 7, 2017, there was an investigation by the OCSO into allegations of child abuse or neglect at Whetstone Academy, the therapeutic boarding school located at 186 Brian's Lake Road, Mountain Rest, South Carolina 29664, after they received a report of a possible violation of S.C. Code § 16-03-655 (C)(2), *Criminal Sexual Conduct with a Minor,* about an employee at Whetstone Academy raping a student resident.  Upon information and belief, this case was closed after OCSO was unable to make contact with the victim. (Exhibit "B").

17.     Upon information and belief, on or about March 22, 2018, the OCSO received a report from a mandated reporter about a minor student at Whetstone Academy, the therapeutic boarding school located at 186 Brian's Lake Road, Mountain Rest, South Carolina 29664, being sexually assaulted during their time at the therapeutic boarding school (Exhibit "C").

18.     Upon information and belief, on or about January 28, 2020, there was an investigation by the OCSO into allegations of child abuse or neglect at Whetstone

5

Academy, the therapeutic boarding school located at 186 Brian's Lake Road, Mountain Rest, South Carolina 29664, after they received a report of sexual conduct involving juveniles. Upon information and belief, the OCSO was informed by a point of contact at Whetstone Academy that the victim's parents were consulting with an attorney and were not giving the point of contact permission at that time to give the OCSO their contact information. Upon information and belief, the investigator assigned to the investigation found this odd as the parents were listed as the listed victim in the case. Further, upon information and belief, during their investigation, they were told by the CEO at Whetstone Academy that the victim's parents were removing their child from Whetstone Academy and the victim's father did not want law enforcement to interview his son. Upon information and belief, this case was closed due to the non-cooperation of the victims. (Exhibit "D").

19.     Upon information and belief, on or about April 28, 2020, there was an investigation by the OCSO into allegations of child abuse or neglect at Whetstone Academy, the therapeutic boarding school located at 186 Brian's Lake Road, Mountain Rest, South Carolina 29664, after they received a report of sexual conduct involving juveniles. Notably, during their investigation, they were told by a point of contact at Whetstone Academy that the parents of the victim did not want law enforcement to contact them, nor did they want law enforcement contacted regarding the sexual assault. Contrary to what the OCSO was told by Whetstone Academy, the OCSO contacted the victim's parents, and the victim's parents denied stating that they declined law enforcement involvement and further stated they would cooperate fully with any investigation. Upon information and belief, this led the assigned investigator at the

OCSO to believe that there was deception being used by the point of contact at Whetstone Academy given the facts and circumstances surrounding their January 28, 2020, investigation into similar allegations. (Exhibit "E").

20.     Upon information and belief, there are countless other similar incidents of young boys being subject to sexual assault, sexual harassment, sexual abuse, rape, abuse, neglect, and inhumane treatment on Defendant's premises, all of which incidents were known by Defendant Singleton Investment Properties, LLC or could have been discovered through the exercise of reasonable care.[3]

21.     That John Doe was a student at the therapeutic school on Defendant Singleton Investment Properties, LLC's premises, Whetstone Academy, from on or about October 2018, through January 2020.

22.     That from on or about October of 2018, through January 2020, Plaintiff John Doe was frequently sexually assaulted while on Defendant Singleton Investment Properties, LLC's premises on several different occasions.

23.     Upon information and belief, Defendant Singleton Investment Properties, LLC's had actual knowledge of the risk of their invitees being subject to sexual assault, sexual harassment, sexual abuse, rape, abuse, and inhumane treatment while on their premises.

24.     That upon information and belief, and at all times herein, Defendant Singleton Investment Properties, LLC knew that their actions, inactions, concealment,

---

[3] The incidents referenced here are just a few incidents of sexual abuse occurring on Defendant Singleton Investment Properties, LLC's premises that were investigated by the Oconee County Sheriff's Office. All of the incidents referenced in this lawsuit are public information obtained by a FOIA request sent to the Oconee County Sheriff's Office.

7

operations, and management of their premises created a high risk of physical and/or emotional harm to its young patrons, including John Doe.

25. Alternatively, Defendant Singleton Investment Properties, LLC should have known that allowing Whetstone Academy to continue to operate on their premises, created a high risk of physical and/or emotional harm to its young patrons, including John Doe.

26. Further, upon information and belief, Defendant Singleton Investment Properties, LLC possessed actual knowledge of Whetstone Academy's agents, employees, and/or servants' propensity to sexually assault students under their care, including John Doe, yet failed to take any action against Whetstone Academy their agents, employees, and/or servants, allowing them to rape and sexually assault students under their care, including John Doe.

27. That Defendant Singleton Investment Properties, LLC had a duty to reasonably protect Plaintiff, who was an invitee and/or licensee on its property, from a known risk of harm on the property and/or a risk of harm that would have been discovered through the exercise of reasonable care.

28. That Defendant Singleton Investment Properties, LLC knew and/or would have discovered through the exercise of reasonable care that Whetstone Academy posed a risk of harm given past incidents of similar incidents of sexual assault, sexual harassment, sexual abuse, rape, abuse, and inhumane treatment on its premises, as described herein.

29. Defendant Singleton Investment Properties, LLC should have expected that Plaintiffs, an innocent patron of its premises, would not discover or realize the dangers, as described herein, or protect themselves against them.

30. Notwithstanding the numerous allegations of sexual assault, sexual harassment, sexual abuse, rape, abuse, and inhumane treatment on its premises, Defendant Singleton Investment Properties, LLC continued to allow the enablers, facilitators, perpetrators, and actors of the same to continue to operate freely on its premises who they knew or should have known posed a risk of harm to young boys on their premises, including John Doe.

31. Despite having this knowledge, Defendant Singleton Investment Properties, LLC failed to take any reasonable steps whatsoever and ignored the known risk to the safety and well-being of its business invitees, including Plaintiff.

32. That as a proximate and actual result of Defendant Singleton Investment Properties, LLC's negligent, outrageous, carelessness, recklessness, wantonness, and gross negligent conduct, Plaintiffs, suffered and will in the future suffer severe pain, permanent emotional distress, humiliation, mental anguish, indignity, loss of pleasures and enjoyment of life which will in the future require psychological and psychiatric medical care and treatment, and has caused and will in the future cause Plaintiffs to incur medical costs.

33. That as a direct and proximate cause of the aforementioned incident, the Plaintiffs suffered emotional injuries from which he has suffered and will continue to suffer great physical pain and mental anguish and has caused them to lose the enjoyment of their lives.

## FOR A FIRST CAUSE OF ACTION
## NEGLIGENCE/GROSS NEGLIGENCE AND/OR RECKLESSNESS

34. That Plaintiffs incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

35. That Defendant owed/owes a clear duty to Plaintiffs, and other invitees while on their premises.

36. That Defendant acting through their agents and servants were negligent, careless, reckless, and grossly negligent at the time and place aforementioned in the following particulars:

   a) Negligently supervising its property;

   b) Negligently operating its property;

   c) Negligently failing to exercise due care under all of the circumstances;

   d) Negligently failing to adopt, implement, enforce, and/or follow policies and/or procedures for the reasonable use of its premises;

   e) Negligently failing to warn and/or otherwise make reasonably safe the subject premises that it owned, possessed, maintained, and/or otherwise controlled; and

   f) In any other such manner that Plaintiffs may become aware of through discovery and/or at trial.

37. All of which were the direct and proximate cause of the damages suffered by the Plaintiffs herein, said acts being in violation of the statutes and laws of the State of South Carolina.

38. That as a direct and proximate result of Defendant's negligence, gross negligence, carelessness and/or recklessness, Plaintiffs were harmed and sustained serve and permanent emotional distress, humiliation, mental anguish, indignity, loss of

pleasures and enjoyment of life which required and will in the future require psychological and psychiatric medical care and treatment.

39. That as a direct and proximate result of Defendant's negligence and/or recklessness, Plaintiffs have and will likely, in the future, be caused to incur medical expenses.

40. That Plaintiffs are informed and believe that they are entitled to actual damages in an amount that would adequately compensate them for their injuries and damages.

**FOR A SECOND CAUSE OF ACTION**
**PREMISE LIABILITY**

41. Plaintiff incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though same were fully set forth herein at length.

42. Defendant Singleton Investment Properties, LLC had a duty to reasonably protect Plaintiff, who was an invitee and/or licensee on its property, from a known risk of harm on the property and/or a risk of harm that would have been discovered through the exercise of reasonable care.

41. Defendant Singleton Investment Properties, LLC and/or would have discovered through the exercise of reasonable care that Whetstone Academy posed a risk of harm given past incidents of students being subject to sexual assault, sexual harassment, sexual abuse, rape, abuse, and inhumane treatment on its premises, as described herein.

43. Defendant Singleton Investment Properties, LLC should have expected that Plaintiff, would not discover or realize the dangers, as described herein, or protect themselves against them.

11

44.     Defendant Singleton Investment Properties, LLC failed to exercise reasonable care to protect Plaintiff, therefore breaching the duties Defendant owed to them.

45.     As a direct and proximate result of Defendant's negligent and/or reckless acts, Plaintiff suffered injuries and damages as further described herein.

## FOR A THIRD CAUSE OF ACTION
## LOSS OF PERSONAL SERVICES

46.     That Plaintiffs incorporates herein by reference all the allegations contained in the above paragraphs and throughout this entire Complaint as though the same were fully set forth herein at length.

47.     That Plaintiffs Father Doe and Mother Doe are the natural parents and guardians of John Doe.

48.     That as a direct and proximate result of the aforementioned acts on behalf of Defendant, Father Doe, and Mother Doe has been injured and damaged in Actual and Consequential Damages as follows:

      i.   pre-trial medical expenses; and

      ii.  post-trial and future medical expenses until John Doe's age of majority.

49.     That as a direct and proximate result of Defendant's negligence and/or recklessness, Plaintiffs Father Doe and Mother Doe lost the services of their minor child which damaged, Father Doe and Mother Doe. That Father Doe and Mother Doe's child is now exposed to an increased risk of future harm for which Father Doe and Mother Doe must remain vigilant to protect their minor son.

50.     That Plaintiffs are informed and believe that they are entitled to actual damages in an amount which would adequately compensate them for their injuries and

12

damages, as well as reasonable punitive damages as may be determined by the trier in fact.

## JURY TRIAL DEMAND

51. Plaintiffs hereby demand a jury trial as provided for in the Seventh Amendment to the Constitution of the United States of America for the allegations and causes of action set forth herein.

## PRAYER FOR RELIEF

52. **WHEREFORE,** Plaintiffs prays for judgment against Defendant on all causes of actions for ACTUAL, CONSEQUENTIAL, AND PUNITIVE DAMAGES, costs and expenses of this action, and reasonable attorney fees, and any and all other further relief as this Court may deem appropriate.

Respectfully submitted,

s/Tyler D. Bailey
Federal ID #12294
BAILEY LAW FIRM, L.L.C.
Attorney for Plaintiff
1921 Henderson Street (29201)
P.O. Box 532
Columbia, South Carolina 29202
Telephone: (803) 667-9716
Fax: 1-803-526-7642
Email: tyler@baileylawfirmsc.com

Anderson, South Carolina